J. DOE, Appellee,

v.

Charles E. BERRY; Chuck Berry Communication Systems, Inc., Appellants.

Hosana HUCK; Marianne McKinley, Appellees,

v.

Charles E. BERRY; Chuck Berry Communication Systems, Inc.; Francine Gillium, Appellants.

A. DOE, Appellee,

v.

Charles E. BERRY; Chuck Berry Communication Systems, Inc., Appellants.

Thomas F. JONES; Hosana A. Huck; Marianne McKinley, Appellees,

v.

Charles E. BERRY, Appellant.

Nancy CRAWFORD; Melissa Walker; Rep. Parties on behalf of a Definable Class, Appellees,

v.

Charles E. BERRY; Chuck Berry Communication Systems, Inc., Appellants.

Rebecca PRICE, Appellee,

v.

Charles E. BERRY; Chuck Berry Communication Systems, Inc., Appellants.

Nos. 92–1721, 92–1726, 92–1731, 92–1732, 92–1933 and 92–2134.

United States Court of Appeals, Eighth Circuit.

Submitted June 9, 1992.

Decided June 30, 1992.

Rehearing Denied Aug. 20, 1992.

Richard E. Schwartz, St. Louis, Mo., argued (James E. Parrot, on the brief), for appellants.

Ronald L. Rothman, Clayton, Mo., John E. Price, Springfield, Mo., and James Joseph Hennelly, St. Louis, Mo., argued, for appellees.

Before JOHN R. GIBSON, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

PER CURIAM.

Charles E. Berry, Chuck Berry Communication Systems, Inc., and Francine Gillium appeal from several district court orders remanding their cases to the state courts on the ground that they were not properly removed under 28 U.S.C. § 1443(1) (1988), the civil rights removal statute. Berry argues on appeal that he has established a pattern of racial hostility prohibited by several civil rights statutes, making removal proper. We affirm the judgments of the district courts.[1]

A number of actions were filed against Berry and others in the Circuit Court of St. Charles County, Missouri, alleging invasion of privacy by secretly videotaping the plaintiffs. An interpleader action was also filed to determine ownership of the videotapes. After passage of some period of time and considerable litigation activity, Berry filed a petition for removal in each of the cases based on 28 U.S.C. §§ 1441(b) (1988), 1443, and 1446 (West Supp.1992). Berry claimed that removal was possible pursuant to section 1443 because he "has been and will be denied his equal civil rights because of the racially-motivated criminal prosecution which gave rise to and was in conjunction with the procedurally unconstitutional state civil actions which have been a race oriented economic lynching." Berry alleged, *inter alia*, that he had been deprived of rights that were specifically protected by 42 U.S.C. § 1983 (1988) and 1985 (1988) and 28 U.S.C. § 1443.

Chief Judge Filippine,[2] in *J. Doe v. Berry*, No. 91–1617–C–2 (E.D.Mo. Feb. 19, 1992), found that a person seeking removal

---

1. The Honorable Edward L. Filippine, Chief Judge, Stephen N. Limbaugh, Jean C. Hamilton, George P. Gunn, Jr., William L. Hungate, and Clyde S. Cahill, United States District Judges for the Eastern District of Missouri.

2. The district judges ruling on the other cases either adopted and incorporated Chief Judge Filippine's order, *see Huck v. Berry*, No. 91–1599–C–5 (E.D.Mo. Feb. 24, 1992) (Limbaugh,

J.); *Jones v. Berry*, No. 91–1940–C–6 (E.D.Mo. Feb. 25, 1992) (Gunn, J.); *Crawford v. Berry*, No. 91–1597–C–3 (E.D.Mo. Feb. 21, 1992) (Hungate, J.); *Price v. Berry*, No. 91–1598–C–4 (E.D.Mo. Apr. 16, 1992) (Cahill, J.), or based their rulings on essentially the same reasoning Chief Judge Filippine used in his order. *See, e.g., Doe v. Berry*, No. 91–1616–C–7 (E.D.Mo. Feb. 25, 1992) (Hamilton, J.).

under 28 U.S.C. § 1443 must show that he relies upon a " ' "right under any law providing for ... equal civil rights," and that they are "denied or cannot enforce" that right in the court of [the state].' " Slip op. at 3 (quoting *Georgia v. Rachel*, 384 U.S. 780, 788, 86 S.Ct. 1783, 1788, 16 L.Ed.2d 925 (1966)). The district court held that allegations of violations of 42 U.S.C. § 1983 did not meet the test in *Rachel* that the right allegedly being denied is a law " 'providing for specific civil rights stated in terms of racial equality.' " *Id.* at 4 (quoting *Rachel*, 384 U.S. at 792, 86 S.Ct. at 1790). The district court also held removal under 28 U.S.C. § 1443 based on alleged violations of 42 U.S.C. § 1985 to be improper for the same reasons. *Id.* The district court observed that "[a] defendant's contention that he will be denied a fair trial in state court is not a sufficient ground for removal." *Id.* at 5.

We expedited appeal and heard oral argument. The appeal from the remand is appealable under 28 U.S.C. § 1447(d) (1988) as removal was based on 28 U.S.C. § 1443.

Berry argues that the district court erroneously ruled that (1) he had failed to invoke a law providing for equal civil rights based on race; (2) a pattern of racial conduct in state and civil proceedings which amounted to a "racially motivated economic lynching" in no way forms a basis for removal; and (3) his pleadings under section 1443(1) [3] were insufficient. He also argues that he was denied equal protection of laws when he was not given benefit of the laws giving preemptive effect to worker's compensation laws and that he is exposed to procedurally unconstitutional, excessive awards of punitive damages unless he is allowed to proceed in federal court. Many of Berry's claims involve a St. Charles County circuit court judge, numerous expressions made in press conferences,

and conflicts of interest of various judges participating in the cases.

After having heard argument, we are convinced that the orders of remand must be affirmed. The district courts' analyses of the removal issues under 28 U.S.C. § 1443(1) with reliance on 42 U.S.C. §§ 1983 and 1985(3) are not in error. Chief Judge Filippine properly followed *Rachel*, which held that "the phrase 'any law providing for ... equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." 384 U.S. at 792, 86 S.Ct. at 1790. Further, Chief Judge Filippine properly noted the controlling rule from *Rachel*, which ensures that:

> [T]he task of prediction would not involve a detailed analysis by a federal judge of the likely disposition of particular federal claims by particular state courts. That task not only would have been difficult, but it also would have involved federal judges in the unseemly process of prejudging their brethren of the state courts.

*Id.* at 803, 86 S.Ct. at 1796.

As the Supreme Court stated in *City of Greenwood v. Peacock*, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966):

> It is *not* enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of

---

**3.** The relevant portion of 28 U.S.C. § 1443 states:

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof....

the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial. Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*Id.* at 827–28, 86 S.Ct. at 1812–13 (emphasis in original) (citations omitted).

The issues involved in these cases can be decided in the state courts, which have equal responsibility for ruling on federal constitutional issues. Berry may then seek review of any adverse rulings in the United States Supreme Court.

We have considered and reject Berry's other arguments.

We affirm the orders of remand.