**Parnell SEATON, Petitioner–Appellant,**

v.

**John JABE, Respondent–Appellee.**

No. 92–1542.

United States Court of Appeals,
Sixth Circuit.

Submitted March 19, 1993.

Decided and Filed May 5, 1993.

Rehearing Denied June 3, 1993.

Parnell Seaton–El (briefed), pro se.

James L. Stropkai, Peter L. Trezise (briefed), Office of the Atty. Gen., Habeas Div., Lansing, MI, Michael J. Modelski, Oakland County Prosecutor's Office, Pontiac, MI, for respondent-appellee.

Before: MILBURN and RYAN, Circuit Judges; and COFFIN,* Senior Circuit Judge.

RYAN, Circuit Judge.

Parnell Seaton was convicted in state court on several counts of kidnapping, sexual assault, robbery, and firearms violations. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He now appeals the district court's order denying his petition and raises several assignments of error.

We agree with the district court that Seaton's petition for habeas relief is without merit and we shall affirm.

## I.

On March 10, 1980, a Michigan jury found Seaton guilty of one count of criminal sexual conduct in the first degree, two counts of armed robbery, two counts of kidnapping, and five counts of felony firearm violations. The state trial court sentenced Seaton to five life imprisonment terms and five two-year imprisonment terms. Seaton's delayed motion for new trial was denied. After the time to appeal as of right expired, Seaton filed delayed applications for leave to appeal to the Michigan Court of Appeals and to the Michigan Supreme Court. Both courts denied Seaton's motions for leave to appeal. Seaton filed another delayed motion for new trial in the trial court, in November 1985, but the trial court denied the motion, and the Michigan appellate courts denied Seaton's subsequent motions for leave to file a discretionary appeal.

On July 11, 1988, Seaton filed a petition for writ of habeas corpus in the federal district court attacking his circuit court conviction. In his petition, he alleged eight assignments of error, all of which had been raised before the Michigan appellate courts. In his first assignment of error, Seaton claimed that the state court was without jurisdiction to convict him because a removal petition was pending in federal court at the time the state court entered judgment. On April 24, 1990, a magistrate judge agreed and determined that the state court lacked jurisdiction to convict and sentence Seaton because of the pendency of the removal petition in federal court at the time the state court entered its judgment. The magistrate judge recommended that the

---

* The Honorable Frank M. Coffin, Senior Circuit Judge of the United States Court of Appeals for the First Circuit, sitting by designation.

district court issue a conditional writ of habeas corpus without prejudice to the entry of a new judgment and sentence.

The magistrate judge and the district court reviewed the state court proceedings and found the following facts. Seaton was arraigned on June 4, 1979. On January 17, 1980, more than six months after the arraignment, Seaton filed a petition for removal in federal court, but the district court never docketed this petition. Seaton filed a second petition for removal on January 31, 1980. On February 2, 1980, the prosecution incorrectly advised the state court that the federal court had dismissed the removal petition. The state court proceeded through trial, entered a conviction order, and sentenced Seaton, under the mistaken belief that no removal petition was pending before the federal court. The federal court, however, did not dismiss the removal petition until December 6, 1983, several years after Seaton was convicted and sentenced.[1]

The magistrate judge concluded, as we have said, that, because the removal petition was pending in federal court at the time of Seaton's conviction, the state circuit court did not have jurisdiction to enter an order of conviction. However, the district court disagreed, concluding that, under 28 U.S.C. § 1446, which specifies the procedures for removal, the removal petition was not effectively before the federal court because Seaton filed his petition late, that is more than 30 days after his arraignment, without leave of the federal court. The district court stated:

> An examination of the removal petition, as well as the underlying record, does not establish that petitioner set forth good cause for filing an untimely petition. Nor does the record indicate that the federal court ever granted leave for petitioner to file such a late petition. Therefore, it is the court's conclusion that no viable removal petition was before the federal court and the state court was not divested of its jurisdiction. Accordingly, this court finds that the Oakland County Circuit Court had proper jurisdiction to try, convict and sentence the petitioner.

The district court eventually entered an order rejecting the magistrate judge's recommendation and denying the writ because the district court concluded that Seaton's removal petition did not divest the state court of jurisdiction to enter an order of conviction. When Seaton appealed, this court found that it did not have jurisdiction over the appeal because the district court failed to set forth its judgment in a separate document as required by Fed.R.Civ.P. 58. As a result, the district court vacated its earlier order and entered a new order on March 12, 1991, in which it rejected the magistrate judge's report and recommendation of April 24, 1990, on the basis that the state court was not divested of its jurisdiction. The district court then referred Seaton's petition to the magistrate judge for consideration of the seven remaining issues raised by Seaton. On March 27, 1992, the magistrate judge entered his report and recommendation, which determined that Seaton's habeas claims were without merit. On April 9, 1992, the district court accepted the magistrate judge's report and recommendation, determined that all of Seaton's claims were without merit, and denied the habeas petition. Seaton filed a timely appeal.

## II.

### A.

Seaton argues that his removal petition was timely because he filed it in federal court before trial; therefore, the state court did not have jurisdiction to convict and sentence him while the petition was pending before the federal court. The respondent state official argues that Seaton filed his petition late. According to the respondent, because the federal court did not grant Seaton leave to file a late removal petition, the federal court never assumed jurisdiction over the criminal prosecution, and the state court retained jurisdiction to enter an order of conviction.

This court renders *de novo* review of a habeas proceeding in the district court to determine whether the petitioner received a fundamentally fair trial. However, this court must give complete deference to the state

---

1. The federal court dismissed the removal petition on the basis that it was moot.

court's findings of fact, and render clearly erroneous review to the district court's factual findings. *Lundy v. Campbell,* 888 F.2d 467, 469–70 (6th Cir.1989), cert. denied, 495 U.S. 950, 110 S.Ct. 2212, 109 L.Ed.2d 538 (1990). Whether the state court had jurisdiction to convict Seaton is a question of law, which we review *de novo.*

Section 1446 provides that a defendant, whether in a civil or criminal case, who seeks to remove his case to federal court must file a notice of removal (the removal petition) in the district court. 28 U.S.C. § 1446(a). In criminal prosecutions:

> A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, *whichever is earlier,* except that for good cause shown the United States district court may enter an order granting the petitioner leave to file the notice at a later time.

28 U.S.C. § 1446(c)(1) (emphasis added). Clearly, Seaton filed his removal petition beyond the time limits allowed by the statute, and his argument that the petition was timely is without merit. We also agree with the district court that Seaton's late filing, without leave of court upon a showing of good cause, means that there was no viable removal petition before the federal court and, as a result, the state court was never divested of jurisdiction over the matter.

The removal statute provides that, in *civil* cases, once the removal petition is properly filed and notice is given, the entire case is transferred to federal court, and the state court is deprived of jurisdiction unless the federal court subsequently remands it. 28 U.S.C. § 1446(d); *see Maseda v. Honda Motor Co.,* 861 F.2d 1248, 1251 (11th Cir.1988). The strict time requirement for removal in civil cases [2] is not jurisdictional; rather, "it is a strictly applied rule of procedure and untimeliness is a ground for remand so long as the timeliness defect has not been waived."

*Northern Illinois Gas Co. v. Airco Indus. Gases,* 676 F.2d 270, 273 (7th Cir.1982); *see Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir.1983); *see also Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212 (9th Cir. 1980).

It is not true, however, that an untimely removal petition filed by a criminal defendant in federal court likewise means that the state court is without jurisdiction to enter a conviction unless there is a remand. Section 1446's procedural requirements for removal are very different for civil and criminal defendants. Unlike the procedural requirements for removal in civil cases, section 1446(c)(1) prohibits a late filing unless the federal court first grants the petitioner leave after the petitioner establishes "good cause." 28 U.S.C. § 1446(c)(1). Thus, it follows that a late filing without leave of federal court is not a "properly" filed notice of removal, and the civil removal cases—which hold that properly filed petitions automatically effect the removal and divest the state court of jurisdiction— do not apply. We therefore agree with the district court and hold that in this criminal case, the state court retained jurisdiction, even to convict Seaton, because, in view of the late filing without leave of the federal court, the removal petition was never properly filed with the district court.

### B.

Seaton also makes the following assignments of error:

1) the state court improperly admitted identification testimony;

2) the state court did not provide Seaton with a full and fair hearing on his Fourth Amendment claims;

3) Seaton was denied effective assistance of trial counsel while in jail when his telephone calls to counsel were monitored;

4) Seaton did not knowingly and intelligently waive his right to trial counsel;

---

**2.** *See* section 1446(b), which provides, in part:
The notice of removal of a *civil action* or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or

within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
28 U.S.C. § 1446(b) (emphasis added).

5) Seaton was denied effective assistance of appellate counsel;

6) Seaton was denied due process by delays in the state appellate process; and 7) the prosecutor knowingly suppressed exculpatory evidence.

We have carefully examined each issue raised by Seaton and conclude that all of his assignments of error are without merit.

### III.

Because we find no error below, we **AFFIRM** the district court's order denying Seaton's petition for writ of habeas corpus.