70 F.3d 1271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
COMMONWEALTH OF KENTUCKY, Plaintiff-Appellee,
v.
Harmon FRANKLIN, Defendant-Appellant.
 No. 95-5029.
 United States Court of Appeals, Sixth Circuit.
 Nov. 20, 1995.
 
 Before: CONTIE, MILBURN and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Harmon Franklin, a Tennessee citizen, appeals pro se the district court order remanding to Kentucky state court an action purportedly removed pursuant to 28 U.S.C. Sec. 1443. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A criminal action was instituted against Franklin by the Commonwealth of Kentucky for refusing to be inspected at a truck weigh station. Franklin filed a notice of removal to the federal district court, contending that his Fourth and Fifth Amendment and due process rights were being denied in the state action. The Commonwealth filed a motion to remand. Franklin responded that the motion was untimely and that removal was proper under 28 U.S.C. Sec. 1443, which provides for removal of an action against "any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens...." The district court ordered the action remanded due to lack of jurisdiction. On appeal, Franklin raises the same arguments. The Commonwealth argues that the appeal should be dismissed for lack of jurisdiction, pursuant to 28 U.S.C. Sec. 1447(d), or alternatively, that the remand was proper.
 
 
 3
 Upon review, we conclude that we have jurisdiction to review the remand order because the removal was purportedly based on 28 U.S.C. Sec. 1443. See Sexson v. Servaas, 33 F.3d 799, 802 (7th Cir.1994); Doe v. Berry, 967 F.2d 1255, 1257 (8th Cir.1992) (per curiam), cert. denied, 113 S.Ct. 1258 (1993). We also conclude that the action was properly remanded, as Sec. 1443 is restricted to cases raising an issue of racial discrimination. See Doe, 967 F.2d at 1257-58; Appalachian Volunteers, Inc. v. Clark, 432 F.2d 530, 534-35 (6th Cir.1970), cert. denied, 401 U.S. 939 (1971). Furthermore, remand was proper because Franklin may raise the Fourth and Fifth Amendment and due process issues he asserts in the state court. Doe, 967 F.2d at 1257-58. Finally, Franklin's argument that the motion to remand was untimely lacks merit, as the thirty day period for a motion found in 28 U.S.C. Sec. 1447(c) applies to remands on procedural grounds, while remand for lack of jurisdiction may be obtained at any time.
 
 
 4
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.