**STATE OF IOWA, Plaintiff,**

v.

**Jerry JOHNSON and Kent Johnson, Defendants.**

**No. C 97–3076–MWB.**

United States District Court, N.D. Iowa, Central Division.

Aug. 25, 1997.

Shawn Mallen, Farm Manager of DeWaard Inv. Corp., Wright County, IA, for Plaintiff.

Jerry Johnson, Kent Johnson, pro se.

### ORDER FOR REMAND TO STATE COURT

BENNETT, District Judge.

Various kinds of actions instituted in state court—even some criminal prosecutions—are removable to federal court. The *pro se* defendants in this state criminal trespass action assert that this action is one such case, because they fervently believe that their civil rights guaranteed by the United States Constitution have been violated in the course of their prosecution. A federal statute dictates that this court must make a prompt determination of whether this action falls within one of the limited categories of removable criminal prosecutions and must summarily remand the action to state court if it is not removable.

## I. BACKGROUND

This matter comes before the court pursuant to *pro se* defendants' July 31, 1997, "Notice Of Remand [sic] Of The Wright County District Court, State of Iowa, Case" and the defendants' "Notice Of Remand [sic] To The United States District Court of Iowa Sioux City Division and Motion [To] Stay All Orders Pending Remand [sic]" filed the same date. Although the State of Iowa has not yet responded to what the court construes to be a notice of *removal* and a motion to stay state court proceedings, this court nonetheless finds that it must "examine the notice promptly" to see whether "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1446(c)(4). If the court finds that removal should not be permitted, the court is required to "make an order for summary remand." *Id.* The court finds that summary remand is indeed required in this case.

The notice of removal and attached documents reveal that defendant Jerry Johnson has been charged with trespass, a simple misdemeanor, in violation of Iowa Code §§ 716.7 and 716.8. The record does not reveal what, if any, charges have been filed against Kent Johnson. Trial of the trespass charges against Jerry Johnson was scheduled for July 18, 1997, before a magistrate of the Iowa district court. The trial was subsequently rescheduled for July 16, 1997. On July 15, 1997, defendant Jerry Johnson filed a motion to continue the trial, but the record does not reveal whether that motion was granted, if the trial indeed took place, or what verdict, if any, was rendered.

The notice of removal cites no statute as authority for removal of this state criminal proceeding to federal court. However, it does allege as grounds for removal that the State of Iowa has deprived defendants of unspecified civil rights under the Fifth and Fourteenth Amendments to the United States Constitution, and "inflict[ed] malicious prosecution" by "acts of conspiracy" without granting unspecified rights guaranteed by the First, Fifth, Sixth, and Fourteenth Amendments in violation of 42 U.S.C. §§ 1985(3) and 1986. The companion notice and motion for stay explains further that defendants allege that they "were denied 'due process' and 'equal protection of the laws' as United States citizens" in violation of the Fifth Amendment, that the "administrator magistrate" violated the defendants' civil rights "pursuant to Title 42 U.S.C. Sec. 1983," and that the magistrate denied the defendants their "right to defend" by "refusing evidence, producing witnesses and the rights to full discovery in a criminal matter showing extreme prejudices and bias in 'acts of conspiracy' with citizens o[r] officials of the State of Iowa" allegedly "in violation" of 42 U.S.C. §§ 1985(3) and 1986. Defendants stated in the notice of removal and motion for stay that they would provide further factual statements in support of their removal of this action within fourteen days of the filing of their notice of removal. However, no further factual allegations in support of removal were filed within the time specified by the Johnsons.

## II. LEGAL ANALYSIS

### A. The Motion To Stay State Court Proceedings

■ The motion for stay of the state court proceedings shall be disposed of first. Pursuant to 28 U.S.C. § 1446, "[t]he filing of a notice of removal of a criminal prosecution *shall not prevent the State court in which such prosecution is pending from proceeding further,* except that a judgment of conviction shall not be entered unless the prosecution is first remanded." 28 U.S.C. § 1446(c)(3) (emphasis added). A stay of the proceedings in state court, with the exception of the stay on entry of a judgment of conviction, would be contrary to this statutory language. Therefore, the motion to stay the state court proceedings prior to judgment will be denied.

■ Furthermore, no stay of any entry of judgment of conviction is appropriate in this case, because the notice of removal is untimely. Section 1446(c)(1) of Title 28 provides as follows:

A notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State court, or at any time before trial, *whichever is earli-*

*er,* except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

28 U.S.C. § 1446(c)(1) (emphasis added). The record reveals that the criminal complaint in this action was filed on May 8, 1997, and that Jerry Johnson's initial appearance, including his consent to trial and imposition of sentence in absentia if he fails to appear for trial, occurred on May 16, 1997. Thus, the thirty-day period for removal of this action expired by June 16, 1997, approximately forty-five days before the defendants sought to remove this action.

■ The Sixth Circuit Court of Appeals found that it follows from the timeliness requirements of 28 U.S.C. § 1446(c)(1) "that a late filing without leave of federal court is not a 'properly' filed notice of removal, and the civil removal cases—which hold that properly filed petitions automatically effect the removal and divest the state court of jurisdiction—do not apply." *Seaton v. Jabe,* 992 F.2d 79, 81 (6th Cir.), *cert. denied,* 510 U.S. 871, 114 S.Ct. 200, 126 L.Ed.2d 157 (1993). In *Seaton,* the Sixth Circuit Court of Appeals held that, because no timely notice of removal was filed, the state court properly convicted the defendant, despite his attempt to remove the action to federal court. *Id.* Thus, in this case, where the notice of removal is also untimely, the proceedings in state court may also proceed to judgment of conviction, despite the defendants' attempts to remove the action, and no stay of any part of the proceedings is appropriate, unless the court finds that the action is otherwise removable and waives the timeliness requirement.

### B. The Notice Of Removal

■ As was mentioned at the outset of this decision, pursuant to 28 U.S.C. § 1446(c)(4), the court must "examine the notice [of removal] promptly," and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4). The court finds several reasons, clearly apparent on the face of the notice and supporting documents, why this action must be summarily remanded. First, as noted above, the notice of removal was untimely filed under 28 U.S.C. § 1446(c)(1). The court concludes that this flaw, apparent on the face of the notice of removal, means that removal of this action should not be permitted, and this action is therefore subject to summary remand pursuant to 28 U.S.C. § 1446(c)(4), unless some exception to the timeliness requirement is also apparent.

■ There is one exception to the timeliness requirement of 28 U.S.C. § 1446(c)(1). As the Sixth Circuit Court of Appeals also explained, "section 1446(c)(1) prohibits a late filing unless the federal court first grants the petitioner leave after the petitioner establishes 'good cause.'" *Seaton,* 992 F.2d at 81; *see also* 28 U.S.C. § 1446(c)(1) (the United States district court may grant the defendant leave to file a notice of removal at a later time "for good cause shown"). The defendants in this case did not request leave to file an untimely notice of removal before attempting to do so. The court doubts that the defendants' *pro se* status is sufficient to establish "good cause" to grant them leave to file a late notice of removal—even though they were unlikely to be aware of the timeliness requirement—because *pro se* defendants are not so easily excused from other timeliness requirements. *Cf. Ackra Direct Mktg. Corp. v. Fingerhut Corp.,* 86 F.3d 852, 856 (8th Cir.1996) (*pro se* status does not "excuse [a party] from complying ... with the Federal Rules of Civil Procedure."); *Carman v. Treat,* 7 F.3d 1379, 1381 (8th Cir. 1993) (citing *Kurkowski v. Volcker,* 819 F.2d 201, 204 (8th Cir.1987)). However, assuming for the sake of argument that "good cause" for a tardy notice of remand exists in this case, *see* 28 U.S.C. § 1446(c)(1) (excusing tardiness upon a showing of "good cause"), and assuming further that it is not fatal to the assertion of such "good cause" that the defendants failed to seek leave of the court *before* filing an untimely notice of removal, *see Seaton,* 992 F.2d at 81 ("[S]ection 1446(c)(1) prohibits a late filing [of a notice of removal] unless the federal court *first* grants the petitioner leave *after* the petitioner establishes 'good cause'" emphasis added), the

**816**

court will pass on to other grounds for summarily remanding this action to state court.

█ Turning to the adequacy of grounds for removal apparent from the face of the notice of removal and the documents filed in support of removal, *see* 28 U.S.C. § 1446(c)(4) (directing that the federal court must "promptly" examine the face of the notice and supporting documents to determine whether removal should be permitted or the case summarily remanded), the court finds that this action is subject to summary remand. If this state criminal prosecution is removable to federal district court, it must be on the basis of one of three federal statutes, 28 U.S.C. § 1442, 28 U.S.C. § 1442a, or 28 U.S.C. § 1443. The notice of removal and accompanying notice and motion for stay do not identify any of these statutes as the authority for removal of this action; indeed, they cite no authority at all for removal of any state action to federal court. Furthermore, the notice of removal, accompanying notice and motion for stay are devoid of allegations that would make this action removable pursuant to any one of these statutes.

Looking first at removal pursuant to 28 U.S.C. § 1442, the court finds that there are absolutely no allegations that the defendants are an agency or officers of the United States or that they are being sued in an official or individual capacity for any act under color of that office. *See* 28 U.S.C. § 1442(a)(1); *see also Magnin v. Teledyne Continental Motors,* 91 F.3d 1424, 1427 (11th Cir.1996) (right of removal pursuant to this subsection "'is made absolute whenever a suit in a state court is for any act "under color" of federal office,'" quoting *Willingham v. Morgan,* 395 U.S. 402, 406, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969), but the statutory prerequisites must be met; there are two separate requirements: (1) "the defendant must advance a 'colorable defense arising out of [his] duty to enforce federal law,'" quoting *Mesa v. California,* 489 U.S. 121, 133, 109 S.Ct. 959, 966, 103 L.Ed.2d 99 (1989), and (2) "the defendant must establish that there is a 'causal connection between what the officer has done under asserted official authority' and the action against him,"

quoting *Maryland v. Soper,* 270 U.S. 9, 46 S.Ct. 185, 70 L.Ed. 449 (1926)). Nor are there allegations that the defendants are property holders whose title is derived from any federal officer or that the prosecution affects the validity of any law of the United States. 28 U.S.C. § 1442(a)(2). Also absent are allegations that defendants are officers of the courts of the United States being prosecuted for any acts under color of their offices or in performance of their duties. 28 U.S.C. § 1442(a)(3); *see also In re Serrato,* 117 F.3d 427, 428 (9th Cir.1997) (distinguishing between cases removable under § 1442(a)(1) and § 1442(a)(3) on the basis that, in the latter case, the defendant must be an officer of the courts of the United States, while in the former, the defendant must be an officer of the United States, and a court-appointed private bankruptcy trustee is an officer of the courts, but not of the United States); *Herron v. Continental Airlines, Inc.,* 73 F.3d 57, 59 & n. 2 (5th Cir.1996) (officers of the court include "marshals, bailiffs, court clerks or judges," but not process servers; jurisdiction under this subsection requires that the defendant be both an officer of the court and assert a federal defense to the charge); *Conjugal Partnership Comprised by Joseph Jones and Verneta G. Jones v. Conjugal Partnership Comprised of Arthur Pineda and Toni Pineda,* 22 F.3d 391, 395 (1st Cir. 1994) (court had removal jurisdiction pursuant to § 1442(a)(3) where the defendant was a court reporter, even though her federal defense ultimately failed). Nor are there allegations that the defendants are officers of either House of Congress being prosecuted for acts in the discharge of their official duties. 28 U.S.C. § 1442(a)(4); *see also Brown & Williamson Tobacco Corp. v. Williams,* 62 F.3d 408, 413 (D.C.Cir.1995) (under 28 U.S.C. § 1442(a)(4), the officer of one of the Houses of Congress must allege the prosecution against him or her is for actions under color of the federal office). Finally, as to section 1442, there are no allegations that this is a personal action commenced by an alien against citizens who are civil officers of the United States, because the State of Iowa, not an alien, instituted the action and there are no allegations that the

defendants are civil officers of the United States. 28 U.S.C. § 1442(b).

Nor can this criminal action be removed pursuant to 28 U.S.C. § 1442a. The defendants do not allege that they are members of the armed forces being prosecuted on account of acts done under color of their office or status. 28 U.S.C. § 1442a; *see also Florida v. Simanonok*, 850 F.2d 1429, 1430 (11th Cir.1988) (it is not enough for removal jurisdiction under § 1442a that the defendant be a member of the armed forces; there must be a causal connection between what the officer has done under asserted official authority and the state prosecution).

The closer question, and it is not very close, is whether this action is removable pursuant to 28 U.S.C. § 1443, which provides for removal of civil or criminal prosecutions involving civil rights. 28 U.S.C. § 1443. That statute provides as follows:

> Any of the following civil actions *or criminal prosecutions,* commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State *a right under any law providing for the equal civil rights of citizens of the United States,* or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443 (emphasis added). Subsection (2) is plainly not applicable, because the defendants do not allege that they were acting under color of authority derived from any law providing for equal rights. 28 U.S.C. § 1443(2); *see also Application of County Collector of Winnebago County*, 96 F.3d 890, 897 (7th Cir.1996) (noting that in *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 823, 86 S.Ct. 1800, 1810, 16 L.Ed.2d 944 (1966), the Supreme Court had held that the "color of authority" clause of § 1443(2) "is 'limited to enforcement activity by federal officers and those acting under them,'" and

therefore the provision " 'confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights' "); *Alonzo v. City of Corpus Christi*, 68 F.3d 944, 946 (5th Cir.1995) (per curiam) (the "refusal clause" of § 1443(2) requires that the officer act under color of federal law, and that the officer refuse to follow state law on a good faith belief that enforcing state law would conflict with federal law).

■ However, at first blush, this action might appear to be removable pursuant to 28 U.S.C. § 1443(1), because the defendants' allegations of violations of "equal protection" would appear to fit within the statute. Nonetheless, removal jurisdiction pursuant to the first subsection of the statute is foreclosed by controlling precedent. In *Georgia v. Rachel*, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966), the United States Supreme Court held that, in 28 U.S.C. § 1443, "the phrase 'any law providing for ... equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Rachel*, 384 U.S. at 792, 86 S.Ct. at 1790; *accord Doe v. Berry*, 967 F.2d 1255, 1257 (8th Cir.1992) (applying *Rachel*), *cert. denied*, 507 U.S. 911, 113 S.Ct. 1258, 122 L.Ed.2d 656 (1993). There is not the merest hint from the defendants' allegations of violation of rights of "equal protection" that the violation is based on violation of "racial equality." *Id.; Berry*, 967 F.2d at 1257; *Nebraska v. Forbes*, 588 F.2d 631, 632 (8th Cir.1978) (per curiam) (affirming remand of a criminal case involving income tax offenses, stating, "The district court concluded that 28 U.S.C. § 1443 is applicable only to cases involving racial inequality and that defendants made no such assertions. We agree."); *United States ex rel. Sullivan v. Missouri*, 588 F.2d 579, 580 (8th Cir.1978) (per curiam) ("Section 1443 applies only to denials of specific rights of racial equality and not to the whole gamut of constitutional rights," citing *Rachel*, 384 U.S. at 792, 86 S.Ct. at 1790, and *Milligan v. Milligan*, 484 F.2d 446 (8th Cir.1973)).

Thus, this criminal prosecution is not removable pursuant to subsection (1) of 28 U.S.C. § 1443 any more than it is removable pursuant to subsection (2) of that statute, or any section of 28 U.S.C. § 1442 or 28 U.S.C. § 1442a. Although the defendants apparently believe that they have claims that can be brought in federal court pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986, their proper course is to file such actions. Removal of the present criminal prosecution simply is not the proper vehicle to assert in federal court the civil rights claims the defendants may believe that they have.

■ Having concluded that the present action is not removable, the next question is what action this court should take upon its finding that it lacks subject matter jurisdiction over a removable action. The appropriate course in these circumstances is not dismissal, but remand to the state court. *See* 28 U.S.C. § 1446(c)(4) ("If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Therefore, this action will be remanded to state court, where the action may proceed to trial, if none has yet been had, or entry of a judgment of conviction or acquittal, if entry of such a judgment has been awaiting remand. 28 U.S.C. § 1446(c)(3) ("a judgment of conviction [in a state criminal prosecution that has been removed to federal court] shall not be entered unless the prosecution is first remanded").

### III. CONCLUSION

The court concludes as follows:

1. The motion for a stay of the state criminal proceedings is denied, because such a stay is prohibited by 28 U.S.C. § 1446(c)(3), and the state court proceedings may proceed even to judgment, because this action was not timely removed under 28 U.S.C. § 1446(c)(1).

2. This action was not timely removed under 28 U.S.C. § 1446(c)(1) and is not otherwise removable pursuant to 28 U.S.C. § 1442, § 1442a, or § 1443; it is therefore **summarily remanded** to the Iowa District Court for Wright County pursuant to 28 U.S.C. § 1446(c)(4) and 28 U.S.C. § 1447(c). The Iowa District Court for Wright County may proceed to trial of this action, if none has yet been had, or enter a judgment, if entry of judgment has been awaiting remand upon conclusion of other proceedings.

**IT IS SO ORDERED.**