Jessie D. MCDONALD, Plaintiff–
Appellant,

v.

State of TENNESSEE, Defendant–
Appellee.

No. 03–5204.

United States Court of Appeals,
Sixth Circuit.

Oct. 28, 2003.

794

Jessie D. McDonald, Nashville, TN, pro se.

Stephanie R. Reevers, Asst. Attorney Gen., Office of the Attorney General, Nashville, TN, for Defendant–Appellee.

Before: KEITH, MARTIN, and SUTTON, Circuit Judges.

### ORDER

Jesse D. McDonald appeals pro se from a district court judgment that dismissed his civil rights suits filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

In 2002, McDonald was issued state traffic citations in Tennessee for following another vehicle too closely and failing to provide proof of insurance. He filed a notice on June 20, 2002, seeking to remove his traffic citation case to federal court. He also filed a petition for declaratory and injunctive relief, alleging a violation of his constitutional rights. The district court

dismissed the petition on October 30, 2002, and held that all other pending motions were moot. McDonald's motion for reconsideration was denied, and he now appeals. He has moved for an order that would stay the enforcement of his convictions pending the resolution of this appeal.

We review the dismissal of this case *de novo*. *See Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir.2001). Dismissal was appropriate because McDonald did not raise a cognizable civil rights claim. *See* Fed. R.Civ.P. 12(b)(6).

 The district court first held that McDonald's removal petition was untimely, as it had not been filed within thirty days of the disputed traffic citations and state court summons. *See* 28 U.S.C. § 1446. McDonald concedes that his notice of removal was not filed and served within the allowed thirty days. Hence, the court properly dismissed his case on procedural grounds. *See Seaton v. Jabe*, 992 F.2d 79, 80–81 (6th Cir.1993). McDonald's attempt to remove his criminal action to federal court was also unavailing because a federal court must not interfere with pending state proceedings that involve important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 43–45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). McDonald's attempt to remove his criminal action to federal court also fails for an independent reason: A federal court generally may not interfere with pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43–45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

McDonald now argues that the belated filing of his removal petition deprived the state courts of jurisdiction, so that his subsequent convictions were improper. This argument does not challenge the district court's decision regarding the timeliness of his removal petition. Instead, it

raises a new claim regarding the validity of his convictions that is not cognizable here.

 A favorable ruling on McDonald's petition for declaratory and injunctive relief would necessarily imply that his convictions for the disputed traffic citations were invalid. Thus, the district court also properly dismissed the case because McDonald did not show that his convictions had been overturned or declared invalid by an appropriate tribunal. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

McDonald argues that his petition satisfied the general pleading requirements of Fed.R.Civ.P. 8(a). This argument is unavailing because his pleadings plainly fail to state a cognizable claim. Therefore, his case was properly dismissed under Rule 12(b)(6), even if his pleadings met the threshold requirements of Rule 8(a).

Finally, McDonald argues that the district court should have granted his motion to add a police officer as a defendant and to substitute the Attorney General of Tennessee for the state. He argues that the officer issued the citations without probable cause and the attorney general has a duty to defend the constitutionality of the state's laws. These arguments are of no help to McDonald because the court properly held that his motions for joinder and substitution were mooted by the dismissal of his case. *See generally Kensu v. Haigh,* 87 F.3d 172, 175 (6th Cir.1996).

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.