**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4190
_____

THOMAS W. OLICK,
                              Appellant

v.

COMMONWEALTH OF PENNSYLVANIA; CITY OF EASTON;
CITY OF EASTON POLICE DEPARTMENT; OFFICER BRUNEO;
SARGENT MARACINNI; LIEUTENANT LOHENITZ
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action Nos. 5-15-cv-05786 & 5-15-cv-05820, consolidated)
District Judge: Jeffrey L. Schmehl
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 16, 2017

Before:  GREENAWAY, JR., VANASKIE and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 19, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Thomas Olick appeals pro se the judgment of the United States District Court for the Eastern District of Pennsylvania in his 42 U.S.C. § 1983 action. For the reasons that follow, we will dismiss in part, affirm in part, vacate in part, and remand to the District Court for proceedings consistent with this opinion.

I.

On August 13, 2015, Olick went to the Easton Police Department and attempted to file a private complaint and requested police incident reports. Olick's request for police incident reports was denied and he was directed to give his complaint to a police officer. Olick then had a confrontation with Sergeant Maracinni and was arrested for harassment as a result of their interaction. On November 5, 2015, Olick was convicted of harassment in the Magisterial District Court of Northampton County. Olick appealed his conviction, but he subsequently withdrew his appeal.

On October 21, 2015, Olick filed a "notice of removal" and an "amended counter-claim" in the District Court, which was filed at No. 5:15-cv-05786. In his notice of removal, Olick sought to remove his then-pending state criminal matter to federal court. In his amended counter-claim, Olick sought damages from the defendants pursuant to 42 U.S.C. § 1983 for violations of his civil rights related to the harassment charge. Five days later, Olick filed a civil rights complaint against the defendants at No. 5:15-cv-05820. In his complaint, Olick raised the following claims: (1) violations of the Pennsylvania Right-to-Know Law, 65 P.S. § 67.101 et. seq., (2) harassment, assault, battery, conspiracy, false arrest, and imprisonment, (3) violations of the Fourth Amendment, (4) malicious prosecution, and (5) a request for an expungement of Olick's

2

arrest record. The defendants filed a motion in opposition to Olick's notice of removal and a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which Olick opposed. The District Court consolidated the matters. The District Judge dismissed the removal petition and granted the defendants' motion to dismiss. Olick appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 1447(d).[1] We exercise plenary review over a district court's decision to grant a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). Free Speech Coal., Inc. v. Attorney Gen. of U.S., 677 F.3d 519, 529-30 (3d Cir. 2012). "[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them." McTernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009) (quotation marks omitted). To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may affirm on any ground supported by the record, see Hildebrand v. Allegheny Cnty., 757 F.3d 99, 104 (3d Cir. 2014), and we construe Olick's pro se pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972).

## III.

---

[1] As discussed below, we have limited jurisdiction over orders remanding cases to state court.

The District Court correctly declined to exercise jurisdiction over Olick's removal petition. Olick sought removal pursuant to 28 U.S.C. §§ 1441, 1442, and 1446. Olick argues on appeal that the District Court erred in finding removal was not proper under 28 U.S.C. § 1441 and failing to consider removal pursuant to Sections 1443 and 1446. We lack jurisdiction to entertain Olick's challenges to the District Court's ruling under § 1441, however. See Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997); see also 28 U.S.C. § 1447(d). As Olick notes, Section 1443 provides that criminal prosecutions may be removed in certain civil rights contexts. We may review a District Court's refusal to permit removal under § 1443 and § 1442, see Davis, 107 F.3d at 1047, but Olick did not actually allege § 1443 as a basis for removal in his notice of removal in the District Court.[2] See 28 U.S.C. § 1455(b)(2) (requiring all grounds for removal to be stated in the notice). In any event, Olick still makes no attempt to show that he is being deprived of rights guaranteed by a federal law "providing for . . . equal civil rights," and (2) that he has been "denied or cannot enforce that right in the courts" of the state. See Johnson v. Mississippi, 421 U.S. 213, 219 (1975). (Additionally, while Olick cites § 1446 and § 1442, which concern removal of civil actions, § 1442 applies to suits against federal officers, which Olick has not alleged himself to be, and § 1446 establishes the *procedure* for removal of civil actions, it does not provide a *basis* for removal of any action.) Thus, to the extent that we have jurisdiction over the District Court's refusal of the removed

_____

[2] Olick cited § 1443 in a motion entitled "request for a determination of Rule 1443 and Section 1983 removal rights."

4

case, see Davis, 107 F.3d at 1047, we perceive no error in its actions. To the extent that we lack jurisdiction of the matter, we will dismiss Olick's appeal.

We now turn to the allegations raised in Olick's civil rights complaint. In his brief, Olick argues that the District Court erred in dismissing his complaint without addressing a number of claims. All but one of the proffered claims were either addressed by the District Court or not raised in Olick's complaint. However, we do read Olick's complaint as raising a claim that Sergeant Maracinni used excessive force in arresting him. See Complaint at 1, 8-9, 11-14, Olick v. Commonwealth of Pa., No. 5:15-cv-05820 (E.D. Pa. January 25, 2016), ECF No. 9.

To prevail on his claim that Sergeant Maracinni used excessive force, Olick must show that the force used was unreasonable under the circumstances. See Estate of Smith v. Marasco, 430 F.3d 140, 148 (3d Cir. 2005).[3] Olick alleged that Sergeant Maracinni attempted to push Olick out of the police station and then, after Olick refused to leave, Sergeant Maracinni "[u]nexpectedly and without justified provocation … shoved Olick across the room[,]" knocking him to the floor. Sergeant Maracinni then allegedly proceeded to taunt Olick before arresting him. Olick alleged that his right shoulder was

---

[3] Appellees argued in the District Court that all of Olick's claims related to his arrest and prosecution were barred by the rule in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), which held that where success in a § 1983 action would necessarily call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of the underlying conviction or sentence. Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006). However, Heck does not automatically bar Olick's claim of excessive force even though Olick has not demonstrated favorable termination of his harassment conviction. This is because law enforcement officers can "effectuate[ ] a lawful arrest in an unlawful manner." Nelson v. Jashurek, 109 F.3d 142, 145-46 (3d Cir. 1997).

injured, that he suffered "incredible pain," that he was transported by ambulance to a hospital, and that he incurred $2,000 of medical expenses. While it is well established that "not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, is constitutionally unreasonable," Sharrar v. Felsing, 128 F.3d 810, 821 (3d Cir.1997) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)) (internal alterations and quotations marks omitted), we conclude, when construing the facts in the light most favorable to Olick, that he has stated a claim for relief. See Kopec v. Tate, 361 F.3d 772, 778 (3d Cir. 2004) (explaining that an excessive force claim may arise from improper handcuffing during an arrest).

We recognize that Olick's contention that *any* use of force by Sergeant Maracinni was improper cannot be vindicated, as "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham, 490 U.S. at 396. However, at the pleading stage, Olick's allegations sufficiently meet the applicable standard. Olick alleged that Maracinni shoved him across the floor, causing an injury to his shoulder that required medical attention. Olick was being arrested for a summary offense in a police station and there is no suggestion in the pleadings that he was armed, attempting to flee, or posing an immediate threat to the safety of Sergeant Maracinni or others. See Couden v. Duffy, 446 F.3d 483, 496-97 (3d Cir. 2006) (outlining factors considered in evaluating the reasonableness of an officer's use of force); see also Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (explaining that in deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, and matters of public

6

record).  We do not suggest that Olick will ultimately be successful in this action, but we conclude that he has pleaded sufficient facts to survive a Rule 12(b)(6) motion.

We will affirm the District Court's judgment as to Olick's remaining federal claims, however.  The District Court did not err in holding that Olick's malicious prosecution claim was barred by the rule in Heck v. Humphrey, see supra n.3, which requires district courts to determine whether each claim – if successful – would imply the invalidity of the conviction or sentence.  Gibson v. Superintendent, 411 F.3d 427, 447-49 (3d Cir. 2005) (holding that a determination whether Heck applies to a Fourth Amendment claim requires a case-by-case fact-based inquiry), overruled on other grounds by Dique v. N.J. State Police, 603 F.3d 181 (3d Cir. 2010).  We agree that Heck barred Olick's malicious prosecution claim because his conviction has not been invalidated.[4]  See Heck, 512 U.S. at 486-87.[5]

---

[4] The malicious prosecution claim should have been dismissed without prejudice, however, and we will modify the District Court's order to that effect.  See Curry v. Yachera, 835 F.3d 373, 379 (3d Cir. 2016).

[5] Olick argues that his notice of removal divested the state court of jurisdiction to prosecute him and, therefore, Heck is inapplicable.  Olick is mistaken.  Section 1455(b) provides that "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown[.]"  28 U.S.C. § 1455(b).  On August 13, 2015, Olick was issued a citation, apprising him of the charges against him and instituting his summary case.  See Commonwealth v. Williams, 400 A.2d 1258, 1260 (Pa. 1979) ("The preliminary arraignment … is a procedure designed to inform the accused of the nature of the charges against him[.]"); see also Pa. R. Crim. P. 405 (describing that a defendant may be apprised of the charges filed against him in a summary case by a citation).  Olick filed his notice of removal on October 21, 2015, more than 30 days later and Olick failed to show good cause for the delay.  The state court was not deprived of jurisdiction by Olick's untimely notice of removal.  See Seaton v. Jabe, 992 F.2d 79, 81 (6th Cir. 1993)

7

Heck does not automatically bar Olick's claims of false arrest and false imprisonment. See Montgomery v. De Simone, 159 F.3d 120, 126 n.5 (3d Cir. 1998) ("claims for false arrest and false imprisonment are not the type of claims contemplated by the Court in Heck which necessarily implicate the validity of a conviction or sentence."). However, there are circumstances in which Heck may bar such claims, see Heck, 512 U.S. at 487 n.6 (providing an example that unlawful arrest claims cannot lie in cases in which "[a] state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a lawful arrest .... [because] he would have to negate an element of the offense of which he has been convicted."). At all events, to prevail on his false arrest and false imprisonment claims, Olick would have to do so in a way that respected the validity of his extant harassment conviction. See Bronowicz v. Allegheny Cty., 804 F.3d 338, 345 (3d Cir. 2015) (explaining that a plaintiff "must demonstrate that success on his § 1983 claims would not conflict with the prior judicial resolution of his criminal proceedings.").

Because the crime of harassment does not have an element relating to a lawful arrest, see 18 Pa. Cons. Stat. § 2709(a)(1); see also Heck, 512 U.S. at 487 n.6, we could, at least as an academic exercise, imagine a circumstance in which Sergeant Maracinni did not have probable cause to arrest Olick, and yet Olick's conviction was nevertheless obtained as a result of other independent evidence (that was not before the officer at the time of the arrest). However, Olick has not plausibly alleged anything like these

(holding that in a criminal case, the state court retained jurisdiction where a removal petition was not timely filed in the district court).

8

circumstances. Instead, Olick maintained that he did not harass Sergeant Maracinni and that it was Sergeant Maracinni who instigated and escalated the confrontation between them. Sergeant Maracinni testified to the contrary at Olick's trial, and the state court judge resolved the conflicting accounts against Olick. If we were to accept Olick's contentions, and he were to prevail on his false arrest and false imprisonment claims, it would therefore necessarily imply the invalidity of the state court fact finding and, under the circumstances of this case, his harassment conviction. Therefore, dismissal of Olick's false arrest and false imprisonment claims was appropriate.

Turning to Olick's remaining claims, while Olick has pleaded a claim of excessive force, Olick failed to plausibly allege that there was any conspiracy to use excessive force while arresting him. Additionally, Olick's failure to plausibly allege the deprivation of any other civil right warranted dismissal of the conspiracy claims related to those underlying civil rights claims. See In re Orthopedic Bone Screw Prods. Liab. Litig., 193 F.3d 781, 789 (3d Cir. 1999) ("The established rule is that a cause of action for civil conspiracy requires a separate underlying tort as a predicate for liability."). We likewise agree with the District Court's dismissal of Olick's claims against City of Easton and the Easton Police Department, as Olick did not present any facts suggesting that the City or Police Department had a policy or custom of permitting its officers to use excessive force, make false arrests, or engage in malicious prosecution. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978) (holding that Section 1983 liability attaches to a municipality only where the "government's policy or custom… inflicts the injury.").

IV.

Accordingly, for the reasons given, we will dismiss in part and affirm in part the District Court's decision to dismiss Olick's notice of removal in No. 5:15-cv-05786. As to Olick's civil rights complaint, we will vacate the judgment of the District Court dismissing Olick's excessive force claim and remand for further proceedings as to that claim. We will affirm the District Court's rejection of the other federal claims in Olick's complaint. Because we hold that one of Olick's federal claims can go forward, the District Court will wish to consider anew whether to exercise supplemental jurisdiction over his state-law claims. See 28 U.S.C. § 1367(c)(3).[6] Appellees' motion to file a supplemental appendix is granted.

---

[6] The District Court concluded that two of Olick's state-law claims could not proceed because the relevant statutes, 65 P.S. §§ 67.101, et seq., and 65 P.S. § 67.1302(a), conferred exclusive jurisdiction over the claims on the state courts. But "a state statute cannot be applied so as to limit a federal court's supplemental jurisdiction." Hindes v. F.D.I.C., 137 F.3d 148, 168 n.15 (3d Cir. 1998). We hasten to add, however, that there may well be other reasons to decline supplemental jurisdiction over these claims. See, e.g., Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266, 275 (3d Cir. 2001) (describing the nexus required between federal claims and properly brought state-law supplemental claims).