STATE of Wisconsin, Plaintiff-Respondent,

v.

Gregory H. CEGIELSKI, Defendant-Appellant-Petitioner.

Supreme Court

*No. 84–1182–CR. Argued February 27, 1985.—*
*Decided May 29, 1985.*

(Also reported in 368 N.W.2d 628.)

---

For the defendant-appellant-petitioner there were briefs and oral argument by *Mark Lukoff,* first assistant state public defender.

For the plaintiff-respondent the cause was argued by *Christopher G. Wren,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HEFFERNAN, CHIEF JUSTICE. This is a review of a decision of the court of appeals[1] affirming the sentence of petitioner, Gregory H. Cegielski, on two counts of disorderly conduct, which was imposed in the circuit court for Milwaukee county, William D. Gardner, circuit judge.

The only question accepted by this court for review is whether a Wisconsin circuit court has jurisdiction to sentence a defendant whose petition for the removal of his case to the United States District Court had been previously filed, when the case had not been remanded by the district court, but subsequent to sentencing was remanded to the Wisconsin circuit court. The district court rejected the petition for removal, stating that the petitioner's claim was "utterly without merit."

We conclude that, pursuant to 28 U.S.C., sec. 1446 (c) (3),[2] the Wisconsin court had jurisdiction to pronounce sentence. Because, however, the record demonstrates that, prior to remand, the sentence was "entered" following its pronouncement, the strictures of the federal removal statute were violated. Accordingly,

---

[1] The unpublished opinion of the court of appeals was filed on September 25, 1984.

[2] 28 U.S.C., sec. 1446(c) (3), provides as follows:

"The filing of a petition for removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the petition is first denied."

we uphold the circuit court's jurisdiction to proceed to the pronouncement of sentence. To that extent, we affirm the court of appeals. The entry of the judgment of sentence,[2a] however, must be vacated, because the jurisdiction to enter that judgment was suspended by the federal removal statute.

We, accordingly, modify the decision of the court of appeals and, as so modified, we affirm. We further direct that the cause be remanded to the circuit court for Milwaukee county for vacation of the entry of the portion of the judgment of conviction that recited the sentence. Because that court has had its plenary jurisdiction restored as the result of the federal remand, the sentence may appropriately now be reentered.

While the underlying case against Gregory Cegielski has been protracted, commencing with two charges of disorderly conduct in 1981, resulting in two appeals to the court of appeals, and finally review in this court, the basic facts are straightforward.

After Cegielski was found guilty by a jury in 1982 and sentenced to two ninety-day consecutive terms, he appealed to the court of appeals. That court, in an unpublished opinion dated November 10, 1982, approved of the verdict and the judgment of criminal conduct, but vacated the sentence and remanded for re-sentencing. Vacation of the original sentence was ordered because it appeared that the trial judge, William J. Haese, had utilized improper factors in imposing sentence.

---

[2a] The judgment of conviction, under sec. 972.13(3), Stats., includes, among other components, the adjudication of guilt and the sentence. Because we find the statutes unclear and contradictory as to whether the adjudication of guilt and the recitation of sentence are discrete and divisible components or parts of a unitary and indivisible judgment, we cannot be sure of the appropriate terminology for referring to these portions of the judgment. We suggest that the judicial council consider clarifying the relation of these ingredient parts to the whole of the judgment of conviction.

After the resentencing hearing had been scheduled for January 16, 1984, Cegielski, on December 28, 1983, filed a removal petition in the United States District Court for the Eastern District of Wisconsin.[3]

The resentencing hearing was rescheduled for February 17, 1984, and, over the objections of Cegielski, who contended that the court could not sentence him while the removal petition was pending, Judge William Gardner, who had been substituted for the original sentencing judge, resentenced the defendant. Judge Gardner concluded that the removal petition was a nullity, because it was not timely filed under 28 U.S.C., sec. 1446(c)(1). Defendant was given credit for the time served on the original sentence and was placed on probation in respect to the remainder. The sentencing judgment was "entered" by the clerk on the same day.

On March 14, 1984, the United States District Court dismissed Cegielski's removal petition as utterly without merit and remanded to the circuit court for Milwaukee county. Appeal was taken from the circuit court because, it was asserted, the circuit court had no jurisdiction to pronounce sentence prior to the federal remand.

The court of appeals affirmed the sentence of the circuit court. It reasoned that, when it originally had the case before it, there had been a judgment of conviction which had been entered and also there had been the subsequent entry of the sentencing judgment. The court of appeals asserted that it only set aside the sentence, not the conviction, and, therefore, it held in its opinion of September 25, 1984, that the federal removal statute had not been violated because the judgment of conviction was already in existence when the removal

---

[3] Under 28 U.S.C., sec. 1446(c)(1), which requires that a criminal defendant file a removal petition "not later than thirty days after the arraignment in the State court, or at any time before trial, whichever is earlier."

petition was filed. Hence, it held the resentencing by Judge Gardner did not run afoul of the statute.

It, too, found that Cegielski's petition was untimely for failure to comply with the thirty-day rule and the rule that, in any event, the petition had to be filed within ten days of trial.[4]

We conclude, in conformity with the federal removal statute's theory, that plenary state jurisdiction ceases from the time a removal petition is filed in the federal court, that it is a matter for the federal courts, not the state courts, to determine the sufficiency of the filing, and that, from the time of the filing of the petition, the state courts have only such jurisdiction to proceed as is specifically allowed by the federal statutes.

*State of South Carolina v. Moore,* 447 F.2d 1067 (4th Cir. 1971), held that, where Moore was tried and convicted in the interim between the filing of the removal petition and the remand to the state court, the state proceedings were void. The statute, 28 U.S.C., sec. 1446(e), then provided that, when a removal petition was properly filed in the federal court, the filing "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." *See Moore, supra* at 1072.

Although Judge Haynsworth, writing for the court, held that the state proceedings were totally void as the result of 28 U.S.C., sec. 1446, and ordered that there be a new trial, he went on to comment that the statute required an interpretation that was susceptible to abuse

---

[4] We think it clear that the determination of whether the petition was timely filed was a matter solely for final determination of the federal court. A state trial court, in determining whether it will proceed at all, after the filing of a removal petition, may, however, wish to consider the likelihood of a final removal to the federal court or the likelihood of a remand because the petition is insufficient.

and the unnecessary disruption of state court criminal proceedings. He suggested congressional action to give the states more leeway in determining whether to proceed with criminal actions while a removal petition was pending in a United States District Court.

Apparently as the result of concerns expressed by Judge Haynsworth and others, the removal statute was amended in 1977 to provide that the filing of the petition would not require the suspension of the state's criminal actions "except that a judgment of conviction shall not be entered unless the petition is first denied." 28 U.S.C., sec. 1446(c)(3). Accordingly, the law as it now exists makes it clear that the only jural act that will reconfer full jurisdiction on the state court is the act of the federal district court in denying the petition and remanding the case to the state court.

Whatever debate might have existed theretofore in respect to the authority of the state court to determine whether the removal to the federal court was meritorious was set at rest. In a criminal case the filing of the petition suffices to oust all state jurisdiction other than permitted in the statute itself. The Judicial Conference of the United States pointed out that the new statute substantially minimizes disruption and delay in state criminal proceedings that can result from frivolous and dilatory petitions. *See,* 1977 U.S. Code and Congressional and Administrative News, p. 535.

Thus, it was apparent that the intent was that, even where there may have been a frivolous petition to the federal court, the state court could not wholly ignore it but was constrained to proceed no further than that point in the proceeding set by the statute. The state court could proceed, of course, at its peril—but only to a point. That point would be passed were a judgment

of conviction to be entered. The state court had no jurisdiction to enter a judgment of conviction while the petition was pending in the United States District Court.

It is the state's contention, with which we agree, that 28 U.S.C., sec. 1446(c)(3), only prohibits a state trial court from *entering* a judgment of conviction while a removal petition is pending, but that it does not prevent the trial court from pronouncing the sentence on a defendant. It is the contention of the defendant that judgment of conviction embraces the sentencing as well as the holding of guilt and that, hence, it is a clear violation of federal law, binding on the states, to impose or to pronounce sentence while the petition for removal is pending. The state does not contend that a final judgment of conviction does not ordinarily embrace the sentence as well as the adjudication of guilt. But what it does contend is that the statute only prohibits that act of the state court that makes the judgment of the court final, *i.e.*, one which the state can have executed and one from which the defendant can appeal. The nature of such final judgments is explained in the Wisconsin statutes.

Sec. 808.03, Stats., provides that only final judgments can be appealed as a matter of right. Final judgments are defined by Wisconsin statutes as only those that are "entered." "Entered" is defined by sec. 806.06(1)(b) as "A judgment is entered when it is filed in the office of the clerk of court."

In contrast with the "entering" of a judgment, sec. 806.06(1)(a), Stats., provides that, "A judgment is *rendered* by the court when it is signed by the judge or by the clerk at the judge's written direction." (Emphasis supplied.)

A judgment is "granted" when given orally in open court. Sec. 806.06(1)(d), Stats. This step in a civil

proceeding is analogous to the oral pronouncement of sentence at a sentencing hearing.

The structure of sec. 806.06(1), Stats., demonstrates that the "entry" of a judgment that gives it finality is several steps removed from the oral pronouncement. The oral pronouncement of a sentence creates the potential for the "entry" of a judgment which, to be totally appealable, consists of a conviction—a holding by the court that the guilty conduct violates the criminal law and is subject to penal sanctions—and the penal sanctions finally imposed, *i.e.,* the sentence.[5] Yet it is clear that both the federal Rule 32(b)(1), Federal Rules of Criminal Procedure, and sec. 972.13(3), Stats., lend credence to the argument that a "judgment of conviction" is a unitary concept.

The federal rule provides:

"A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence."

The analogous Wisconsin statute provides:

"Sec. 972.13(3)   A judgment of conviction shall set forth the plea, the verdict or finding, the adjudication and *sentence,* and a finding of [creditable time]" (Emphasis supplied.)

Thus, the definition of "judgment of conviction" is identical in both court systems. In the state system, the delivery of a copy of the signed judgment gives the sheriff authority to execute a sentence. Yet, a judgment in a criminal, as well as a civil, case must be entered to be appealable. *See,* Martineau & Malmgren, *Wisconsin Appellate Practice,* sec. 2702, p. 167. And as

[5] *McCleary v. State,* 49 Wis. 2d 263, 182 N.W.2d 512 (1971), demonstrates that, for appeal purposes, the sentence may be separable from the judgment of conviction. The sentence can be attacked as "an abuse of discretion" or for other reasons but the holding that the defendant has violated the criminal law, the judgment of conviction of the crime, goes unchallenged.

sec. 972.13(1), Stats., makes clear, the judgment of conviction (of guilt) shall be entered when guilt is found or admitted. This provision of sec. 972.13(1) lends weight to the argument that a judgment of guilty, *i.e.*, of conviction, is or may be a judgment separate from that of a judgment of sentence.

Sec. 972.13(2), Stats., also makes it clear that the judgment of conviction does not necessarily and contemporaneously include a sentence, for it provides that, after a conviction, "The court may adjourn the case from time to time for the purpose of pronouncing sentence." Thus, in sec. 972.13 itself, the precise contents of a judgment of conviction are somewhat uncertain.

We could almost indefinitely balance the arguments of the defendant against the arguments of the state in respect to the nature of a judgment of conviction— whether it is a unitary concept or whether it is divisible into discrete components—the final judgment of the conviction of the crime and the final judgment of sentence.

We conclude that it comports with the theory of the 1977 revision of the criminal removal statute to hold that the state court at its option—and at its peril[6]— may proceed to a conviction and pronouncement of sentence upon a criminal defendant—in that sentence may be pronounced, but the sentence may not be "entered" or given final effect.[7]

The theory of the 1977 amendment to the federal removal statute was geared to prevent undue inter-

---

[6] At its peril, for, if the petition is not denied in the federal court, all state court proceedings are void.

[7] Because of the restrictions of the federal removal statute, a judgment of conviction could not be "entered" prior to remand from the United States District Court. This problem does not arise in the instant case because, as set forth above, the judgment of conviction, *i.e.*, guilt, was entered prior to the filing of the removal petition.

ference with state court criminal proceedings except that a judgment of conviction was not to be entered while the removal petition was pending. In the instant case, the trial court was correct, as was the court of appeals, when it viewed, in the circumstances, that the judgment of conviction entered upon a finding of guilt following the jury trial in this case and the sentence, which was set aside on the first appeal, could appropriately be considered as separate judgments, although they might well be merged in a single document. The judgment of guilt had been entered almost two years prior to the filing of the removal petition. After the vacation of only the sentence on the first appeal, the only judgment possible on remand from the Wisconsin court of appeals was a sentencing judgment. It comports with the non-interference congressional intent of the 1977 legislation to permit the state trial court to go to the very point that is short of finality in the prosecution of a criminal case although the removal petition is pending. That point is defined in 28 U.S.C., Sec. 1446(c)(3) as the entry of a judgment of conviction. Here, then, judgment of sentencing could be pronounced, but it could not jurisdictionally be entered. Hence, it was not appealable, except in the discretion of the court of appeals as a nonfinal order, and it could not be transmitted to the sheriff for execution.

We give literal meaning to 28 U.S.C., sec. 1446(c)(3). A state court is not barred from proceeding to a judgment, no matter how the judgment is viewed conceptually. But the judgment may not be made final, *i.e.*, it may not under federal law be entered. Accordingly, the mere pronouncement of a judgment of sentence—an act that under Wisconsin law is not final in an appealability sense and which may not be executed—is not barred by the pendency of the removal proceedings in the United States District Court.

In the instant case, however, the circuit court went too far. The trial court acted beyond its jurisdiction when it "entered" the judgment of sentence. Until there was a remand from the federal court, all state court action except that which was reserved to it was without jurisdiction. It was clear, prior to the 1977 amendment, that any proceeding in a state court after a removal petition was filed was void *(see, Moore, supra)*, not voidable; and even were the federal court to remand the case, the entire action of the state court was a nullity.

Thus, it is plain, under the post–1977 statute, that the entry of a judgment of conviction, or the portion of a judgment of conviction—the sentence in this case—which was entered during the pendency of the removal proceeding in the trial court and was specifically prohibited by the federal law was void.[8]

Accordingly, the entry of the judgment of conviction insofar as it related to the sentence of Gregory H. Cegielski is vacated as being void. The cause is remanded to the trial court for further proceedings in accordance with the fact that, following remand, which has now occurred, the court has plenary jurisdiction to proceed.

Because the only question accepted for review was whether the court of appeals was correct in its decision that the trial court could "re-sentence" Cegielski during the pendency of the removal proceedings in federal court, we affirm. Because, however, we conclude that the judgment of sentence only could be pronounced, but not entered, the decision of the court of appeals is modi-

---

[8] The proceedings that were undertaken by the state court up to the point, but not including the entry of a judgment, would be voidable if the removal petition is not denied by the United States District Court.

fied to order that the trial court's "entry" of the judgment of sentence be vacated and the cause remanded for further proceedings, which are now within the court's jurisdiction. The decision is modified and, as modified, is affirmed.

*By the Court.*—Decision modified and, as modified, affirmed; cause remanded to the trial court for further proceedings.