The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Gary L. WIEDEMER, Defendant–
Appellant.

No. 93CA1759.

Colorado Court of Appeals,
Div. IV.

Dec. 29, 1994.

Rehearing Denied Feb. 9, 1995.

Certiorari Denied July 24, 1995.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John D. Seidel, Asst. Atty. Gen., Denver, for plaintiff-appellee.

James A. Henderson, Denver, for defendant-appellant.

Opinion by Judge MARQUEZ.

Defendant, Gary L. Wiedemer, appeals the trial court's order denying his motion to va-

cate the judgment of conviction and sentence pursuant to Crim.P. 35(c). We affirm.

Defendant was arrested for third degree burglary and was arraigned on February 29, 1988. Defendant petitioned for removal of his case to federal court pursuant to 28 U.S.C. § 1443 (1988). The record indicates that defendant's petition for removal, dated January 24, 1990, was filed in the United States District Court for the District of Colorado on January 26, 1990. On January 30, 1990, after conducting a hearing, the trial court accepted defendant's guilty plea in the present case to one count of third degree burglary and to two habitual criminal counts.

The federal district court dismissed defendant's petition for removal on February 16, 1990, and on March 2, 1990, the trial court entered a judgment of conviction and sentence.

Defendant subsequently filed a *pro se* motion to vacate the plea and sentence pursuant to Crim.P. 35(c), arguing that, because his removal petition was pending at the time his plea was taken, the trial court had no jurisdiction to accept his plea. The trial court denied that motion on August 31, 1993.

## I.

Defendant first contends that the trial court had no jurisdiction to accept his guilty plea after his removal petition had been filed in federal district court. We disagree.

According to 28 U.S.C. § 1446(c)(3) (1988):

The filing of a petition for removal of a criminal prosecution shall not prevent the state court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the petition is first denied.

Defendant asserts that since a trial court's acceptance of a guilty plea acts as a conviction under § 16–7–206(3), C.R.S. (1986 Repl.Vol. 8A), the trial court violated 28 U.S.C. § 1446(c)(3) by accepting his plea while his removal petition was pending. Even assuming, without deciding, that defendant met all procedural requirements pertaining to his removal petition, we reject this contention.

Section 16–7–206(3) provides:

The acceptance by the court of a plea of guilty acts as a waiver by the defendant of the right to trial by jury on all issues including the determination of the penalty to be assessed, and the acceptance of such plea also acts as a conviction for the offense.

However, Crim.P. 32(c) states that:

A judgment shall consist of a recital of the plea, the verdict or findings, the sentence, the finding of the amount of presentence confinement, and costs, if any are assessed against the defendant.

A guilty plea alone, then, cannot constitute a judgment, even though it acts as a conviction; according to Crim.P. 32(c), there can be no judgment unless a sentence accompanies the recital of the plea.

In making this argument, defendant incorrectly equates conviction by acceptance of a guilty plea, which, under proper circumstances may be withdrawn before sentencing, with a judgment of conviction, which, upon sentencing, becomes final. Crim.P. 32; *see also People v. Palmer*, 42 Colo.App. 460, 595 P.2d 1060 (1979). Although a guilty plea acts as a conviction, the conviction process is incomplete until the entry of judgment. *People v. Jacquez*, 196 Colo. 569, 588 P.2d 871 (1979).

Although Colorado courts have not yet construed this federal statute, other state courts that have addressed 28 U.S.C. § 1446(c)(3) support our construction in this case. The Wisconsin supreme court determined that it comports with the non-interference intent of the 1977 legislation to permit the state trial court to go to the very point that is short of finality in the prosecution of a criminal case, defined by 28 U.S.C. § 1446(c)(3) as the entry of judgment of conviction, although the removal petition is pending. A state court, therefore, is not barred from proceeding to judgment, no matter how the judgment is viewed conceptually, so long as the judgment is not made final, *i.e.*, it may not, under federal law, be en-

tered. *State v. Cegielski,* 124 Wis.2d 13, 368 N.W.2d 628 (1985).

In another case, the supreme court of Kansas determined that under 28 U.S.C. § 1446(c)(3), the state court retains jurisdiction over criminal matters upon the filing of a removal petition in the federal court. Further, the state court may continue with proceedings, except a judgment of conviction cannot be entered unless the petition has been denied. The state court's jurisdiction is completely suspended only if the removal petition is actually granted. Since the federal court did not grant removal, the state court retained jurisdiction at all times. Because the trial court did not enter the judgment of conviction until after the federal court denied the removal petition, the Kansas court ruled that the trial court had jurisdiction to enter the judgment of conviction. *State v. Matzke,* 236 Kan. 833, 696 P.2d 396 (1985). *See also People v. Purofoy,* 116 Mich.App. 471, 323 N.W.2d 446 (1982) (the 1977 amendment to 28 U.S.C. § 1446(c)(3) allows a state court to conduct a trial while a removal petition is pending, but a judgment of conviction shall not be entered until a denial of the petition by the federal court); *Johnson v. State,* 461 So.2d 1288 (Miss.1984) (matter proceeded to trial, but trial court withheld entry of order of conviction until final disposition of petition for removal by federal court).

■ Moreover, federal courts have determined that, under 28 U.S.C. § 1446(c)(3), the filing of a petition for removal shall not prevent the state court from proceeding further, except that a judgment of conviction shall not be entered until the petition is denied. *See Pennsylvania v. Carter,* No. CIV. A. 89–8065, 1990 WL 4456 (E.D.Pa. Jan. 17, 1990); *Georgia v. Waller,* 660 F.Supp. 952 (M.D.Ga. 1987) (state court never lost jurisdiction).

Here, although the trial court proceeded with defendant's case, it did not issue the judgment of conviction and sentence until after the removal petition was dismissed. Therefore, it acted within its jurisdiction and did not violate 28 U.S.C. § 1446(c)(3). Because of our disposition on this issue, we need not address defendant's assertions regarding removal procedures.

## II.

Defendant further contends, with respect to the habitual criminal counts, that the trial court erred in taking into consideration convictions which were found unsuitable for sentence enhancement at previous sentence enhancement hearings. We disagree.

■ A trial court is not bound to exclude any prior felony conviction from its consideration in determining habitual criminality merely on the basis of an earlier trial court's decision to do so. *See Wright v. People,* 690 P.2d 1257, 1261 (Colo.1984) (agreeing with the rule that "in the context of habitual criminality proceedings, collateral estoppel does not apply to trial court rulings which merely exclude evidence concerning the defendant's status as an habitual criminal").

■ The trial court, therefore, did not err in refusing to disregard defendant's convictions which other trial courts had found "unsuitable" for purposes of determining habitual criminality.

The order is affirmed.

ROTHENBERG and CASEBOLT, JJ., concur.