**Affirmed and Opinion filed December 8, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00828-CR

**DESERGIO GETERUS PARRISH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1421465**

## O P I N I O N

Appellant Desergio Geterus Parrish appeals from his felony conviction for engaging in an improper relationship between educator and student. A jury found appellant guilty and assessed his punishment at 15 years' imprisonment. In two issues, appellant contends that (1) the judgment of conviction is void because the trial court lost jurisdiction to enter a judgment when appellant removed the case to federal court and (2) the evidence was insufficient to support the conviction

because the State failed to offer evidence corroborating the appellant's extrajudicial statement, thus failing to satisfy the "corpus delicti" rule. We affirm.

## *Background*

The State alleged in the indictment that on or about January 9, 2012, while appellant was an employee of a public secondary school, he intentionally or knowingly engaged in sexual contact with the complainant, who was enrolled in the school where appellant worked. It was established and uncontested at trial that appellant was a history teacher at Jack Yates High School while complainant was a student at the school.[1]

Officer Staniesha Jones of the Houston Independent School District Police Department testified that she viewed a videotape showing appellant interacting with a female student on school grounds after regular school hours. Based on what she observed on the videotape, Jones referred the issue to another officer for further investigation. The videotape in question was played for the jury. In it, appellant can be seen talking for several minutes with a female identified as a 16-year-old student, who was not the complainant in this case. Jones stated that she found the activity in the video suspicious because "there was no reason for [the student] to come back to the school" at that time. As the investigation progressed, the focus shifted to appellant's interaction with the complainant and not the student seen in the video.

Complainant's mother explained that her daughter was on the school track

---

[1] The evidence at trial supports the conclusion that appellant was at one time complainant's history teacher, but the evidence is somewhat inconsistent regarding whether appellant was complainant's teacher at the time of the alleged sexual contact. In order to prove the alleged offense, the State was required to show only that appellant was an employee of the school where the complainant was a student at the time of the offense. *See* Tex. Penal Code § 21.12(1).

2

team and appellant was a coach of the boy's track team. Appellant would sometimes drive the complainant home from track practices. At one point, appellant told complainant's mother that "there were some rumors going around" about appellant and complainant but "they weren't true." Complainant's mother said that she was reassured at that time that nothing improper had taken place between them. Then, in December 2013, school officials informed complainant's mother about the investigation. When she spoke to complainant about the matter, complainant "burst into tears" and "became a brick wall," refusing to discuss the matter. Complainant's mother acknowledged that complainant "wants nothing to do with this proceeding."

Officer George Garcia with the Houston Police Department's Juvenile Sex Crimes Unit testified that after speaking with complainant, he concluded that sexual relations had occurred between appellant and complainant. Garcia stated that complainant "made a disclosure" and Garcia "accepted her interview." He further stated that both appellant and complainant "disclosed that it happened," apparently referring to sexual relations between them. He acknowledged, however, that it was possible the complainant could have made a false allegation.

On December 18, 2013, Garcia conducted a recorded interview with appellant after requesting appellant make a voluntary statement. An audio recording of appellant's conversation with investigating officers Garcia and Mary Gonzales was played for the jury. In the recording, appellant admits that complainant performed oral sex on him on one occasion and they engaged in sexual intercourse on another occasion. He further acknowledged that he was complainant's teacher at one time but said he was not her teacher at the time of their sexual contact.

Officer Gonzales testified that she was the lead investigator in the case. She

confirmed that complainant acknowledged a sexual relationship had existed between herself and appellant. "[She] told me herself," Gonzales said.

In his testimony, appellant claimed that he lied to the officers in the interview because he felt confused, disrespected, and frustrated by the allegations, and after initially denying the fact of the relationship, he decided to "play [their] game" so that he could "get out of" there. He said that he thought a thorough investigation would follow the interview and exonerate him. Appellant additionally called a former student to the stand, who testified that rumors had circulated regarding herself and appellant but the rumors were unfounded.

On October 3, 2014, the day the jury was selected for trial, appellant filed a notice of removal to federal court. After the jury convicted appellant and assessed his punishment at 15 years in prison, the trial judge entered final judgment on October 9, 2014. A federal district court then issued an order of remand on October 24, 2014.

### *Removal to Federal Court*

In his first issue, appellant contends that the judgment of conviction is void because the trial court lost jurisdiction to issue a judgment when appellant removed the case to federal court under 28 U.S.C. § 1455. Section 1455 authorizes a defendant in a state court criminal proceeding to file a notice of removal in federal district court. 28 U.S.C. § 1455(a). The filing of the notice of removal does not prevent the state court from continuing its proceedings, "except that a judgment of conviction shall not be entered unless the prosecution is first remanded" by the federal court. *Id*. § 1455(b)(3).

Here, as stated above, appellant filed a notice of removal on October 3, 2014, the state trial court issued its judgment on October 9, 2014, and the federal

district court issued a remand order on October 24, 2014.[2]  Because the state trial court issued its final judgment before the federal district court issued its remand order, appellant contends that the judgment of conviction is void.  The question then becomes whether the mere filing of appellant's notice of removal, irrespective of its timeliness, was sufficient to deprive the state court of jurisdiction to enter its judgment.

To be timely, a notice of removal of a criminal case must be filed "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier," except upon a showing of "good cause."  28 U.S.C. § 1455(b)(1).  The federal district court held that appellant's notice of removal was filed "contemporaneously" with the start of trial in the state trial court, and thus, it was "defective on its face."  *Parrish v. State of Texas*, No. H-14-2811, slip op. at 1 (S.D. Tex. Oct. 23, 2014).  Further, it held appellant offered no excuse for the delay.  *See id*.

No Texas state court has considered whether the mere filing of an untimely notice of removal of a criminal prosecution deprives the state court of jurisdiction to enter a judgment under section 1455.[3]  A few federal and state courts in other states have answered similar questions.  *See Seaton v. Jabe*, 992 F.2d 79, 79-80 (6th Cir. 1993) (concluding, in a habeas case, that an untimely removal petition

[2] Although the notice of removal is in the clerk's record, there is no evidence that the trial court was made aware of its filing, either to delay the trial or to prevent entry of judgment.

[3] The El Paso Court of Appeals confronted a similar question under the predecessor statute, but it is inapposite factually.  Specifically, in *Clark v. State*, 2005 WL 387067, at *4 (Tex. App.—El Paso Feb. 17, 2005, pet. ref'd), as here, after a full trial and prior to receiving the case on remand from the federal court, the state court entered a judgment.  As here, the remand order arrived prior to the expiration of the state court's plenary power.  The appellate court held the entry of judgment void but also held the trial court could have validly entered the judgment upon receipt of the remand order and so reformed the judgment to reflect the correct date (date of receipt of remand order).  However, it was "undisputed that appellant took the requisite steps to effect a removal of her case to federal district court."  *Id*.

5

filed by a criminal defendant without good cause was not viable and, as a result, the state court never was divested of jurisdiction); *U.S. ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026-27 (9th Cir. 1975) (holding, under prior version of statute, that federal court was without jurisdiction to decide the merits of an untimely removal petition); *State of Iowa v. Johnson*, 976 F. Supp. 812, 814-15, 818 (N.D. Iowa 1997) (holding staying entry of judgment in state court would be inappropriate when notice of removal was untimely); *see also Williams v. Holloway*, No. 3:14CV126-HEH, 2014 WL 5529742, slip op. at *2 n.5 (E.D. Va. Oct. 31, 2014) (explaining that federal court never assumed jurisdiction, and state court was never deprived of jurisdiction, because defendant's notice of removal was untimely). *But cf. Minnesota v. Bugoni*, No. 15-CR-0157 SRN, 2015 WL 2451255 at *3, n.2 (D. Minn.) (urging state court where judgment entered on same day as apparently timely removal notice filed, on remand, "to consider the effect of 1455(b)(3) on the validity of the judgment entered"); *State v. Cegielski*, 368 N.W.2d 628, 628-33 (Wis. 1985) (holding trial court erred in entering judgment of conviction after notice of remand to federal court was filed while case was on remand from higher state court for new sentencing).[4]  We conclude that, on balance, the available authority supports the trial court's actions in this matter.  Accordingly, we overrule appellant's first issue.

## *Sufficiency of the Evidence*

In his second issue, appellant contends that the evidence was insufficient to support his conviction because the State failed to present evidence that corroborated his extrajudicial statement, thus failing to satisfy the "corpus delicti"

---

[4] *Seaton*, *Walker*, *Johnson* and *Cegielski* reference 28 U.S.C. § 1446(c)(1)-(3), which formerly addressed the procedure for removal of criminal prosecutions.  In 2011, Congress moved the procedure for removal of criminal prosecutions to 28 U.S.C. § 1455 without making substantive changes, and section 1446 now addresses only the removal of civil actions.  *See* Pub. L. 112–13, § 103(c), 125 Stat. 761 (2011); *see also Williams*, 2014 WL 5529742, at *2 n.5.

rule. The corpus delicti rule provides that, "[w]hen the burden of proof is 'beyond a reasonable doubt,' a defendant's extrajudicial confession does not constitute legally sufficient evidence of guilt absent independent evidence" that someone committed the "essential nature" of the charged crime. *Miller v. State*, 457 S.W.3d 919, 924 (Tex. Crim. App. 2015) (quoting *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013)). The purpose of the rule is to ensure that no one is convicted based solely on his own false confession to a crime that never occurred. *Id*. The independent evidence need not fully prove the offense; there simply must be some evidence that renders the commission of the offense more probable than it would be without the evidence. *Rocha v. State*, 16 S.W.3d 1, 4 (Tex. Crim. App. 2000). The quantum of evidence required is not great. *Gribble v. State*, 808 S.W.2d 65, 71–72 (Tex. Crim. App. 1990) (plurality op.); *Fountain v. State*, 401 S.W.3d 344, 353 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Under the corpus delicti rule, we consider all the record evidence—other than appellant's extrajudicial confession—in the light most favorable to the jury's verdict to determine whether that evidence tended to establish that an offense occurred. *Fountain*, 401 S.W.3d at 353 (citing *Fisher v. State*, 851 S.W.2d 298, 303 (Tex. Crim. App. 1993)). The State may prove the corpus delicti by circumstantial evidence. *See McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997); *Fountain*, 401 S.W.3d at 353.

The charged crime in the present case, engaging in an improper relationship between educator and student, required the State to show that while appellant was an employee of a public secondary school, he intentionally or knowingly engaged in sexual contact with the complainant who was enrolled in the school where appellant worked. *See* Tex. Penal Code § 21.12(1). Appellant contends that the State failed to present any evidence other than his extrajudicial statement tending

7

to establish that the offense for which he was charged actually occurred. We disagree.

As set forth above, it was established and undisputed at trial that appellant was a teacher at Jack Yates High School at the same time that complainant was a student at the school. Complainant's mother testified regarding the fact that appellant was involved with complainant in track-related activities and sometimes would give her a ride home from practices. Complainant's mother additionally stated that appellant himself first told her about a rumor involving appellant and complainant. Appellant was observed by Officer Jones on videotape speaking to a female student under suspicious circumstances. Officers Garcia and Gonzales both recounted that complainant told them that she had engaged in sexual relations with appellant. Although potentially hearsay, the alleged out-of-court statements by complainant were not objected to and thus can be considered as evidence an offense occurred. *See Poindexter v. State*, 153 S.W.3d 402, 408 (Tex. Crim. App. 2005).

This independent evidence tends to establish that an offense occurred; in other words, the evidence renders commission of the offense more probable than it would be without the evidence. *See Rocha*, 16 S.W.3d at 4; *Fountain*, 401 S.W.3d at 353. Accordingly, we overrule appellant's second issue.

We affirm the trial court's judgment.

/s/    Martha Hill Jamison
       Justice

Panel consists of Justices Jamison, McCally, and Wise.
Publish — TEX. R. APP. P. 47.2(b).