COLORADO COURT OF APPEALS                                    **2016COA93**

Court of Appeals No. 14CA1865
Arapahoe County District Court No. 11CR2138
Honorable Christopher C. Cross, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Alejandro Armando Sosa,

Defendant-Appellant.

APPEAL DISMISSED IN PART
AND ORDER AFFIRMED

Division IV
Opinion by JUDGE TERRY
Hawthorne and Fox, JJ., concur

Announced June 16, 2016

Cynthia H. Coffman, Attorney General, Michael D. McMaster, Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

The Noble Law Firm, LLC, Antony Noble, Lakewood, Colorado, for
Defendant-Appellant

¶ 1    When a defendant pleads guilty and receives a deferred judgment as part of the plea, does the court of appeals have jurisdiction to hear an appeal challenging the denial of a Crim. P. 32(d) motion for withdrawal of the plea *before* the judgment is entered and the defendant is sentenced?  Despite the unfortunate consequences that a defendant will incur even before sentence is imposed, we conclude that the answer to this question is "no."

¶ 2    Defendant, Alejandro Armando Sosa, entered into a plea agreement to a deferred judgment.  He later filed a motion seeking to withdraw his guilty plea to attempted contributing to the delinquency of a minor under Crim. P. 35(c), and to withdraw his guilty plea to patronizing a prostituted child under Crim. P. 32(d).  After he filed an appeal of the order denying that motion, the People filed a motion to dismiss the appeal for lack of jurisdiction, and defendant responded.  Because we conclude that this court lacks jurisdiction to consider the appeal of his Crim. P. 32(d) motion, we dismiss that portion of the appeal without prejudice and do not reach the merits.  And for reasons discussed below, we affirm the denial of his Crim. P. 35(c) motion.

1

## I. Background

¶ 3    In late 2012, law enforcement officers discovered defendant, who was thirty-six years old at the time, leaving a hotel room with a fifteen-year-old girl (the victim).  The victim informed the police that defendant had had sex with her and had provided her with marijuana.  The police searched the hotel room and recovered a used condom, which contained both defendant's and the victim's DNA.  Defendant was charged with three counts: (1) contributing to the delinquency of a minor; (2) sexual assault; and (3) possession of marijuana.

¶ 4    As part of a plea agreement, defendant pleaded guilty to an amended count of attempted contributing to the delinquency of a minor (Count 1) and was sentenced to three years of probation on that count.  He also agreed to allow an added count of patronizing a prostituted child (Count 4), and in exchange for his guilty plea to that charge, he was given a deferred judgment and sentence, and was ordered to complete sex offender intensive supervised probation.

¶ 5    The probation department later filed a complaint seeking to revoke the deferred judgment, alleging that defendant had been

unsuccessfully discharged from his sex offender treatment program and had failed to comply with the terms of his probation. While that complaint was pending, defendant filed a motion to withdraw his guilty plea to Count 1 — apparently relying on Crim. P. 35(c) — and to withdraw his guilty plea to Count 4 — apparently relying on Crim. P. 32(d). He asserted that his pleas were not voluntary and knowing because he was denied effective assistance of counsel when his plea counsel failed to adequately advise him of the collateral consequences of entering those pleas. He also asserted that plea counsel failed to inform him of his likely inability to comply with the terms and conditions of probation and a deferred judgment.

¶ 6    The district court held an evidentiary hearing and denied the motion. After defendant filed this appeal, the district court granted a continuance of the hearing on the probation department's revocation motion, pending the outcome of this appeal.

## II. Motion to Dismiss

¶ 7    The People assert that we must dismiss this appeal. They contend that no final, appealable judgment exists because

defendant's deferred judgment has not yet been revoked and he has not been sentenced. With respect to the appeal of the district court's denial of defendant's Crim. P. 32(d) motion, we agree. As noted below, we do not dismiss the appeal of the denial of defendant's motion under Crim. P. 35(c).

## A. Legal Standards

¶ 8 "Every court has authority to hear and decide the question of its own jurisdiction." *In re Water Rights of Elk Dance Colo., LLC*, 139 P.3d 660, 670 (Colo. 2006). Under section 13-4-102, C.R.S. 2015, the court of appeals has initial appellate jurisdiction over all final judgments entered by district courts of the state. *See also* C.A.R. 1(a)(1). A final judgment is "one that ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to completely determine the rights of the parties involved in the proceedings." *People v. Guatney*, 214 P.3d 1049, 1051 (Colo. 2009).

¶ 9 In a criminal case, there is no final judgment until "the defendant is acquitted, the charges are dismissed, or the defendant is convicted and sentence is imposed." *People v.*

4

*Gabriesheski*, 262 P.3d 653, 657 (Colo. 2011) (quoting *Guatney*, 214 P.3d at 1051).

### B.  Application

¶ 10      Defendant asserts that because his counsel's performance was constitutionally deficient during the plea agreement process, he should be permitted to withdraw his guilty plea under Crim. P. 32(d).  As we understand his pleadings and the record, this argument pertains to Count 4, to which he pleaded guilty in exchange for a deferred judgment and sentence.

¶ 11      A deferred judgment is authorized by statute. § 18-1.3-102(1), C.R.S. 2015; *People v. Carbajal*, 198 P.3d 102, 105 (Colo. 2008).  Once a defendant pleads guilty to a felony, the statute allows the district court to continue the defendant's case without entering a judgment of conviction.  § 18-1.3-102(1). Sentencing may be deferred for up to four years from the date of the plea, and probation-like supervision conditions may be imposed.  § 18-1.3-102(2); *Carbajal*, 198 P.3d at 105.

¶ 12      Under section 16-7-206(3), C.R.S. 2015, the court's acceptance of a guilty plea is a "conviction" for the offense the defendant pleaded guilty to, even if the defendant is given a

deferred judgment for that offense. But the supreme court held in *Carbajal*, 198 P.3d at 105, that "[a] deferred judgment is not a final judgment, and thus may not be subject to either Crim. P. 35 review or direct appellate review until revoked." *See also Kazadi v. People*, 2012 CO 73, ¶ 18 (determining that "*Carbajal* is precedent for [its] ruling").

¶ 13    Because the revocation hearing is still pending, defendant will not be sentenced on Count 4 unless the district court determines that his deferred judgment should be revoked. If the court does make this determination, the court must enter a judgment of conviction, and sentence defendant, before the judgment becomes final. *People v. Wiedemer*, 899 P.2d 283, 284 (Colo. App. 1994); *see also* Crim. P. 32(b)(3)(I) (A "judgment of conviction shall consist of a recital of the plea, the verdict or findings, *the sentence*, the finding of the amount of presentence confinement, and costs," among other things.) (emphasis added).

¶ 14    In the absence of a judgment of conviction and a sentence, there is no final judgment, and for that reason this court lacks jurisdiction to hear the appeal. *Carbajal*, 198 P.3d at 105; *Wiedemer*, 899 P.2d at 284 ("A guilty plea alone . . . cannot

6

constitute a judgment . . . ; according to [what is now Crim. P. 32(b)(3)(I)], there can be no judgment unless a sentence accompanies the recital of the plea.").

¶ 15 Because defendant cannot obtain the relief he seeks based on a non-final judgment, we dismiss his appeal of his Crim. P. 32(d) motion for lack of jurisdiction. In dismissing this portion of the appeal, we do so without prejudice and note that defendant may refile his appeal if the district court revokes his deferred judgment.

## C. *Kazadi*

¶ 16 We recognize that the result we reach is somewhat anomalous, given that the supreme court held in *Kazadi*, ¶ 1, that a defendant who has pleaded guilty in return for a deferred judgment and sentence can seek to withdraw his guilty plea under Crim. P. 32(d). However, the supreme court in *Kazadi* did not address the appealability of such an order to us. And because that court earlier held that a deferred judgment is not a final judgment, *see Carbajal*, 198 P.3d at 105, we must conclude that the denial of a Crim. P. 32(d) motion to withdraw such a non-final judgment is not subject to appeal.

¶ 17    Our analysis is unaffected by either *People v. Espino-Paez*, 2014 COA 126, ¶¶ 10-16 (*cert. granted* Sept. 8, 2015), or *People v. Corrales-Castro*, 2015 COA 34M, ¶¶ 31-36 (*cert. granted* Sept. 8, 2015), because in each of those cases, the defendant did not file his Crim. P. 32(d) motion to withdraw his guilty plea until after he had successfully completed his deferred judgment.

D.  Fairness and Chief Justice Bender's Dissent in *Kazadi*

¶ 18    Despite our conclusion that we lack jurisdiction, we recognize the harshness of our decision, which was well expressed in Chief Justice Bender's dissent in *Kazadi*.  He said that it seems "incongruous that a defendant who has received the privilege and benefit of a more lenient deferred judgment would have a more limited right of postconviction review to this constitutional claim than a defendant who has received a more traditional sentence to prison, jail, or probation." *Kazadi*, ¶ 25 (Bender, C.J., dissenting).

¶ 19    As his dissent notes, a defendant who pleads guilty to an offense in return for a deferred judgment is still considered to be convicted of that offense for many purposes and will suffer the collateral consequences of that conviction.  *See id.* at ¶ 26 n.4

(stating that collateral consequences of a plea of guilty in Colorado can, depending on the offense, include the loss of a driver's license, the loss of the right to possess firearms, the inability to adopt a child, the inability to change one's name, the inability to obtain — or the revocation of — certain professional licenses, and the inability to obtain a United States passport).  We share the dissent's concern about these consequences to defendant.

¶ 20    Defendant asserts that he faces one such collateral consequence because the terms of his probation essentially prohibit him from living with his partner.  His inability to obtain appellate review of the denial of his Crim. P. 32(b) motion will prolong that and other adverse consequences.

¶ 21    While we recognize the harshness of this result, this court is powerless to create jurisdiction where none exists by statute or court rule.  *See Espino-Paez,* ¶ 16.  We commend this case to the attention of the General Assembly and the Colorado Supreme Court Advisory Committee on the Rules of Criminal Procedure to consider creation of a mechanism to allow appeal in cases such as this.

### III. Appeal of Denial of Crim. P. 35(c) Motion

¶ 22    Defendant also purports to appeal the denial of his Crim. P. 35(c) motion. Because he could not yet seek postconviction relief under that rule for his guilty plea to Count 4, *see Kazadi*, ¶ 1, we construe his motion as applying only to his conviction for Count 1 (attempted contributing to the delinquency of a minor). And because he has already been sentenced for Count 1, his Crim. P. 35(c) motion was ripe for decision by the district court.

¶ 23    But defendant has raised no argument on appeal with respect to his Crim. P. 35(c) motion. Therefore, we will not consider his appellate claim for reversal of the district court's order as it pertains to that motion. *See People v. Diefenderfer*, 784 P.2d 741, 752 (Colo.1989) (a defendant must inform an appellate court as to the specific errors relied upon and as to the grounds, supporting facts and authorities therefor); *Denver U.S. Nat'l Bank v. People ex rel. Dunbar*, 29 Colo. App. 93, 98, 480 P.2d 849, 851 (1970) ("[T]he rule is universally recognized that an appellate court will consider only those questions properly raised by the appealing parties." (quoting *Eggert v. Pac. States Sav. & Loan Co.*, 136 P.2d 822, 829 (Cal. Dist. Ct. App. 1943))).

## IV.  Conclusion

¶ 24    The appeal of defendant's Crim. P. 32(d) motion is dismissed without prejudice.  The portion of the district court's order denying defendant's Crim. P. 35(c) motion is affirmed.

JUDGE HAWTHORNE and JUDGE FOX concur.