20CA0433 Peo v Duran 01-27-2022 COLORADO COURT OF APPEALS Court of Appeals No. 20CA0433 Pueblo County District Court No. 13CR1413 Honorable Larry C. Schwartz, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Phillip Duran, Defendant-Appellant. ORDER AFFIRMED Division I Opinion by JUDGE FOX Schutz and Graham*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced January 27, 2022 Philip J. Weiser, Attorney General, Jennifer L. Carty, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Phillip Duran, Pro Se *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2021. 
1 ¶ 1 Defendant, Phillip Duran, appeals the denial of his Crim. P. 35(c) motion for postconviction relief. We affirm. I. Background ¶ 2 Duran pleaded guilty to a single count of distribution of a controlled substance (heroin) in violation of section 18-18-405, C.R.S. 2021, then a class 3 felony. As part of the plea agreement, Duran and the prosecution stipulated to a twenty-four-year sentence in the Department of Corrections’ (DOC) custody, allowing the court to determine whether his operative sentence (for case number 13CR1413) would run concurrently with or consecutively to his revoked deferred judgment in case number 10CR758 (menacing). On January 28, 2014, the district court sentenced Duran to twenty-four years in DOC custody and ordered the sentence to run consecutively to his six-year sentence in the menacing case. ¶ 3 On April 23, 2014, Duran invoked Crim. P. 35(b) and asked the court to reconsider the consecutive aspect of his 2014 sentence. That request was denied. Duran filed another Crim. P. 35(b) motion in early 2017 seeking sentence reconsideration. The court denied 
2 that motion for lack of jurisdiction and because Duran had not established excusable neglect for his untimely filing. ¶ 4 Duran’s next motion, docketed on February 10, 2020, and filed pursuant to Crim. P. 35(c), asked that the consecutive element of his sentence be reconsidered in light of Senate Bill 20-076, 72d Gen. Assemb., 2d Reg. Sess. (Colo. 2020) — concerning Parole Eligibility for Youthful Offenders — which (1) reflects a softening of society’s views on some of his predicate offenses and (2) merits a proportionality review under Wells-Yates v. People, 2019 CO 90M. Although the court’s order indicated that no action was being taken, it also stated that the proposed law did not support Duran’s requested relief and that his sentence was legal at the time of sentencing. ¶ 5 Duran now appeals the postconviction court’s ruling on his Rule 35(c) motion. II. Timeliness of Duran’s Crim. P. 35(c) Claims ¶ 6 The prosecution asserts, and we agree, that Duran’s claim is untimely. ¶ 7 We review de novo a court’s denial of a Crim. P. 35(c) motion without a hearing. See People v. Phipps, 2016 COA 190M, ¶ 20. A 
3 court may deny the motion without a hearing if “the motion, the files, and the record clearly establish that the defendant is not entitled to relief.” People v. Osorio, 170 P.3d 796, 799 (Colo. App. 2007). ¶ 8 Generally, a defendant must file a Crim. P. 35(c) motion within three years after the date of his felony conviction. See § 16-5-
402(1), C.R.S. 2021. The date of Duran’s conviction for purposes of section 16-5-402(1) was January 28, 2014 — he was sentenced immediately following his guilty plea and judgment entered. See People v. Wiedemer, 899 P.2d 283, 284 (Colo. App. 1994); Crim. P. 32(b). The statutory limitations period thus expired on January 28, 2017, but Duran did not file his Crim. P. 35(c) motion until early 2020. ¶ 9 With limited exceptions, the postconviction court “shall deny any claim that could have been presented in . . . [a] postconviction proceeding previously brought.” Crim. P. 35(c)(3)(VII). Regardless of how a criminal defendant captions his pleading, the substance of a postconviction motion controls its designation. See, e.g., People v. Collier, 151 P.3d 668, 670 (Colo. App. 2006). 
4 ¶ 10 To the extent Duran again seeks reconsideration of his sentence, thus replicating the issues resolved in his prior Crim. P. 35(b) proceedings, his claim is also successive. See id.; see also People v. Aarness, 150 P.3d 1271, 1277 (Colo. 2006) (an appellate court may affirm the district court on any ground supported by the record). III. Conclusion ¶ 11 The postconviction court’s order is affirmed. JUDGE SCHUTZ and JUDGE GRAHAM concur.